UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

JANE DOE,

    Plaintiff,

vs.

THE SCHOOL BOARD OF MIAMI-DADE COUNTY,

    Defendant.
_____/

## COMPLAINT

Plaintiff, JANE DOE, hereby sues Defendant, THE SCHOOL BOARD OF MIAMI-DADE COUNTY, and states the following:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, JANE DOE, is and at all material times was a resident of Miami-Dade County, Florida and is *sui juris*. This action is brought anonymously to protect the identity of JANE DOE as this matter concerns the sexual harassment and sexual assault of Plaintiff, JANE DOE, when she was a minor child.

2. At all material times, Plaintiff, JANE DOE, was a minor child and a student at Brownsville Middle School.

3. Defendant THE SCHOOL BOARD OF MIAMI-DADE COUNTY ("SCHOOL BOARD") is a political subdivision or agency of Miami-Dade County, Florida.

4. At all material times, Defendant, SCHOOL BOARD, maintained and operated Brownsville Middle School in Miami-Dade County, Florida.

5. All conditions precedent to bringing this action have been satisfied or waived.

6. The Court has federal question subject matter of this action pursuant to 28 U.S.C. §§1331 and 20 U.S.C. §1681, *et seq*.

7. Venue is appropriate under 28 U.S.C. §1391 as Defendant SCHOOL BOARD resides in the district and a substantial part of the events or omissions giving rise to the claim occurred therein.

## FACTUAL ALLEGATIONS

8. Between 2004 and 2016, Wendell Nibbs, a teacher at Brownsville Middle School, had been accused by at least six different female middle school students of making inappropriate sexual comments, engaging in inappropriate physical contact of a sexual nature, and sending or showing them sexually explicit photographs. Also, at least one female teacher accused Nibbs of making inappropriate physical contact of a sexual nature during that time frame.

9. In addition, within that same time period, two students accused Nibbs of physically striking them.

10. All of the above-referenced incidents of sexual harassment and sexual assaults were reported by the victims to Defendant, SCHOOL BOARD, its members, employees or agents. Indeed, upon information and belief, every principal of Brownsville Middle School when the respective accusations were made was put on notice of the allegations. In addition to the principal, other employees of Defendant, SCHOOL BOARD, were put on notice of the accusations, including but not limited to employees and

members of the Office of Professional Standards, a subdivision of Defendant, SCHOOL BOARD.

11. Despite notice and knowledge of the repeated accusations against Nibbs, Defendant, SCHOOL BOARD, failed to discipline Nibbs, allowed Nibbs to maintain his position as a teacher at Brownsville Middle School, and allowed him to maintain unfettered access to young female students at the school. Moreover, Defendant, SCHOOL BOARD, did nothing to warn the young female students or their parents about Nibbs, the prior accusations against, and his dangerous sexual predatory behavior.

12. Beginning in the second semester of her 8th grade school year and continuing through the end of her 8th grade school year at Brownsville Middle School (*i.e.*, 2016), Nibbs sexually harassed and assaulted Plaintiff, JANE DOE and further discriminated against Plaintiff on the basis of her sexual orientation. The sexual harassment, assault and discrimination occurred when Plaintiff, JANE DOE, was a minor child and when Nibbs was in his late forties. The sexual harassment, sexual assault and discrimination occurred on school premises.

13. As a result of these actions, Plaintiff, JANE DOE, has suffered and will continue to suffer severe psychological and emotional injuries.

## COUNT I
### Violation of Title IX, Education Amendments of 1972 - 20 U.S.C. § 1681, *et seq.*

14. Plaintiff, JANE DOE, readopts and re-alleges the allegations set forth in Paragraphs 1 – 13.

15. At all material times, Defendant, SCHOOL BOARD, and the educational program or activity at Brownsville Middle School received federal financial assistance.

16. At all material times, Plaintiff, JANE DOE, had a right not to be the subject of sexual discrimination, harassment, abuse, and assault while she was a student at Brownsville Middle School and while she participated in the education program or activity at the school.

17. Upon information and belief, Defendant, SCHOOL BOARD, including but not limited to the principals of Brownsville Middle School during the above-referenced time period, had notice of Nibbs' violation of rights and accusations of his sexual harassment and sexual assault of female students and teachers.

18. Defendant, SCHOOL BOARD, the principals of Brownsville Middle School during the above-referenced time period, and others that had notice of the allegations against Nibbs had the authority to address the acts of abuse by Nibbs and institute corrective measures.

19. However, Defendant, SCHOOL BOARD, the principals of Brownsville Middle School during the above-referenced time period, and other individuals on notice of Nibbs' behavior decided to allow Nibbs to continue to teach at the school, decided not to discipline Nibbs, decided not to institute any corrective measures, decided not to warn students or parents of the allegations that had been made against him, and decided to ignore the repeated allegations of sexual misconduct against him. These decisions were official decisions, ignoring the danger, risk and potential of sexual harassment to female students by Nibbs,

20. Defendant, SCHOOL BOARD, and its employees and agents, acted with deliberate indifference in failing to take any action to terminate Nibbs' employment or otherwise restrict his access to female middle school students.

21. As a direct and proximate result of Defendant, SCHOOL BOARD's, actions and omissions, Plaintiff, JANE DOE, was sexually harassed, assaulted and discriminated against while she was a minor child at Brownsville Middle School and has suffered damages as a result. These damages included, but are not limited to, past and future pain and suffering, mental anguish, and past and future medical and therapeutic care. These damages are permanent and continuing in nature and Plaintiff, JANE DOE, will suffer such losses in the future.

WHEREFORE, Plaintiff, JANE DOE, sues Defendant, THE SCHOOL BOARD OF MIAMI-DADE COUNTY, and demands trial by jury and judgment against it for compensatory damages, attorneys' fees and costs, and other relief allowed under the law or that this Court deems just and proper.

## COUNT II
### Negligence

22. Plaintiff, JANE DOE, readopts and re-alleges the allegations set forth Paragraphs 1 – 13.

23. At all material times, Defendant, SCHOOL BOARD, had a duty to protect the safety of minors who attended Miami-Dade County Public (like Brownsville Middle School), a duty to reasonably supervise, investigate, hire, and retain its teachers, and a duty to not subject its students to unqualified, unfit, and dangerous teachers.

24. Defendant, SCHOOL BOARD, breached the aforementioned duties by, among other things, failing to protect the safety of its minor students, failing to reasonably supervise, investigate, hire and retain its teachers, and subjects its students to unqualified, unfit, and dangerous teachers (*e.g.*, Nibbs).

25. Defendant, SCHOOL BOARD's breach of the aforementioned duties directly and proximately caused the sexual harassment, assault and discrimination that Plaintiff, JANE DOE, endured from Nibbs.

26. As a direct and proximate result of Defendant, SCHOOL BOARD's acts and omissions, Plaintiff, JANE DOE, suffered severe damages. These damages include, but are not limited to, past and future pain and suffering, mental anguish, and past and future medical and therapeutic care. These damages are permanent and continuing in nature and Plaintiff, JANE DOE, will suffer such losses in the future.

WHEREFORE, Plaintiff, JANE DOE, sues Defendant, THE SCHOOL BOARD OF MIAMI-DADE COUNTY, and demands trial by jury and judgment against it for compensatory damages, attorneys' fees and costs, and other relief allowed under the law or that this Court deems just and proper.

### DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury of all issues triable as of right by a jury.

DATED: February 27, 2019

        **THE HAGGARD LAW FIRM, PA**
        *Attorneys for Plaintiff*
        330 Alhambra Circle, First Floor
        Coral Gables, Florida 33134
        Telephone: 305-446-5700
        Facsimile: 305-446-1154

BY:   /s/ PEDRO P. ECHARTE, III
        PEDRO P. ECHARTE III, ESQ.
        ppe@haggardlawfirm.com
        FBN: 090454

        **LAW OFFICES OF AARON KARGER, P.A.**
        *Attorneys for Plaintiff*
        16211 N.E. 18th Avenue, Suite 200

        North Miami Beach, Florida 33162-4751
        Telephone: 305-577-7772
        Facsimile: 305-602-9357

BY:    /s/ AARON A. KARGER
        AARON A. KARGER, ESQ.
        aaron@aak-law.com
        FBN: 93226